United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10886
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY WAYNE SYAS,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:03-277-ALL-A
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Anthony Wayne Syas was convicted of one charge of possession of stolen mail and sentenced to serve 24 months in prison and a three-year term of supervised release. Syas now appeals his sentence, which he contends must be vacated in light of United States v. Booker, 543 U.S. 220 (2005). When, as here, a Booker claim is preserved, we will ordinarily vacate and remand unless the Government can show beyond a reasonable doubt that the error was harmless. See United States v. Pineiro, 410 F.3d 282, 285

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 2005).  The district court erred by basing Syas's sentence on facts concerning the amount of loss incurred in connection with Syas's offense that were neither found by a jury nor admitted by him.  See id. at 285-86.  Further, this error is not harmless.  See id.; see also United States v. Garza, 429 F.3d 165, 170 (5th Cir. 2005), cert. denied, 126 S. Ct. 1444 (2006).  Consequently, Syas's sentence is VACATED, and the case is REMANDED FOR RESENTENCING.

This remedy does indeed present an unusual situation: the district court must impose a new sentence, which includes a term of imprisonment, but Syas has completed that part of his sentence; thus, even if the district court decides to impose a lesser sentence, which it is authorized to do, it will have no effect on prison time to be served.  Thus, the only practical relief available on remand is that provided in 18 U.S.C. § 3583(e), a decision committed to the discretion and good judgment of the district court.[1]

SENTENCE VACATED; REMANDED FOR RESENTENCING.

---

[1]Because resentencing is warranted, there is no need to address Syas's remaining sentencing claim.  See United States v. Akpan, 407 F.3d 360, 377 n.2 (5th Cir. 2005).